H. J. BUTLER & BRO., INC., Respondent, v. CONGREGATION ZICHRON EPHRAIM et al., Appellants; J. G. SIEGEL CONSTRUCTION CORP. et al., Respondents, et al., Defendants.

Appeal, by permission of the Appellate Division of the Supreme Court in the first judicial department, from (1) a determination of the Appellate Term of the Supreme Court in the same judicial department, entered November 1, 1951, which affirmed a judgment and order of the City Court of the City of New York, New York County, in favor of plaintiff and certain defendants against appellant Congregation Zichron Ephraim; (2) a determination of said Appellate Term, entered on said date, which reversed, insofar as appealed from, a judgment of said City Court in favor of said Congregation Zichron Ephraim against defendant J. A. Siegel Construction Corp., and (3) a judgment of said City Court entered November 9, 1951, upon the aforesaid determinations of said Appellate Term.

*Per Curiam.* Appeal by permission of this court from two determinations of the Appellate Term, one of which affirmed a judgment of the City Court in favor of plaintiff and other defendants against defendant-appellant Congregation Zichron Ephraim; and the second which reversed upon consent a judgment in favor of the Congregation obtained against defendant J. G. Siegel Construction Corp.

The action was to foreclose a mechanic's lien filed against defendant Congregation. Three Municipal Court actions affecting the premises were consolidated with the main action and in addition cross complaints were filed in the City Court.

Plaintiff and the judgment creditors were subcontractors who supplied labor and material to the general contractor, J. G. Siegel Construction Corp., hereinafter referred to as Siegel, for the alteration of premises belonging to the Congregation. There is another appellant, the Sperber Caterers, Inc., who contracted separately with Siegel to do certain additional work in connection with the alteration. There is also an appeal from that part of the judgment which awarded Siegel $237.50 against it.

The trial court found that respondent Siegel performed work under the contract and extras amounting to $7,778. The contract price was $16,000, making a total for work performed and materials furnished in the sum of $23,778. The trial court also found that the Congregation had paid out the sum of $576.50 for work which Siegel was obliged to do; it disallowed the counterclaim of the Congregation against Siegel in the sum of $1,990.50, but allowed the same in the sum of $576.50 with interest, and judgment was accordingly awarded in favor of the Congregation against Siegel in that amount. Siegel appeals from that part of the judgment which entered a personal judgment in favor of the Congregation against Siegel for the said sum of $576.50. The Appellate Term, on consent of the Congregation, reversed that part of the judgment. The Congregation in so consenting, properly contended that the trial court could not consistently render a judgment even for the sum of $576.50 against Siegel when it found over $7,000 in extras due to Siegel from the Congregation.

Though the notice of the appeal to this court recites that the Congregation and Sperber Caterers, Inc., are appealing from the determinations of the Appellate Term, no appeal was originally taken by Sperber Caterers, Inc., from that part of the judgment entered in the City Court which granted judgment in favor of Siegel against Sperber Caterers, Inc.

Upon an examination of this record it would appear: (1) that the Congregation paid Siegel the sum of $16,100, for alterations on its premises, by virtue of a written contract calling for such payment; (2) it authorized $1,412.50 in extra work, presumably in writing; (3) Sperber Caterers, Inc., authorized additional work in the sum of $987.50, in writing in connection with said alteration; (4) Siegel, the general contractor, left the job before the completion of the work; and (5) one Bechtel called in by the Congregation to complete the work under the plans and specifications of the contract, received the sum of $2,500 from the Congregation in payment for his services.

The trial court found that twenty-nine items of so-called extra work performed and extra materials furnished, as testified to by Siegel, were proper and awarded judgment for these items in the sum of $7,101.50, which sum included approximately $4,000 to cover the claims of the subcontractors, who had filed mechanics' liens. It is the claim of the Congregation that these twenty-nine items were not extras at all, but that each one of the items fell into one of four classes, to wit: (1) Items already in the specifications as required under the main contract; (2) Extra work done for Sperber Caterers for which Siegel was paid separately by Sperber; (3) Extra work which the Congregation had actually approved to Siegel, in writing, totaling $1,412.50; (4) Extra work which the Congregation ordered and paid for separately to other subcontractors, not involved in this litigation.

Upon the trial the Congregation was prepared to establish that it had made complete payment on all of its obligations under the terms of the original contract. It urged that it was totally unprepared to meet the belated claim of Siegel that there was due some $8,000 for extras, which claim for extras the Congregation contends is fraudulent and was a scheme concocted to create a fund to pay the subcontractors hired by Siegel, who had filed mechanics' liens against the premises.

Upon this record we are not prepared to say that the trial court's determination was in accord with the credible evidence. Considerable confusion existed upon the trial concerning the rights of the parties. We think that in the interests of substantial justice a new trial should be had to enable them to adequately present their respective contentions. If the claim of the Congregation to the effect that it never ordered or authorized these twenty-nine so-called extra items or that such items were not in fact extras, is sustained, neither Siegel nor the lienors would be entitled to any judgment against the Congregation.

The determinations of the Appellate Term should be reversed, the judgment of the City Court should be reversed, and a new trial ordered, with costs to appellant Congregation to abide the event.

Cohn, J. P., Callahan, Van Voorhis, Heffernan and Bergan, JJ., concur.

Determinations of the Appellate Term unanimously reversed, the judgment of the City Court reversed and a new trial ordered, with costs to the appellant Congregation to abide the event. Settle order on notice.